IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMEICE NASH,**<br>             **Petitioner,**<br><br>          v.<br><br>**BARRY SMITH, et al.,**<br>             **Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO.  20-4431** |

# ORDER

**AND NOW**, this 12th of October, 2023, upon careful and independent consideration of Jameice Nash's Amended Petition for Writ of Habeas Corpus (ECF 22), the Commonwealth's response in opposition thereto (ECF 47), the Report and Recommendation of U.S. Magistrate Judge Carol Sandra Moore Wells (ECF 48), and Petitioner's Objections thereto (ECF 49), it is **HEREBY ORDERED** that:

1. The Report and Recommendation of Magistrate Judge Carol Sandra Moore Wells is

    **APPROVED** and **ADOPTED** except as set forth in the footnote below;[1]

---

[1] To bring a collateral attack on a state conviction in federal court, a habeas petitioner must first exhaust the post-conviction remedies available in state court. 28 U.S.C. § 2254(b)(1)(A). The Report and Recommendation did not directly address exhaustion because "[t]he Commonwealth d[id] not argue that any of Petitioner's habeas claims are unexhausted."

But mere non-argument does not render exhaustion out-of-bounds. Only "an express waiver by the state" relieves the habeas petitioner's obligation to comply with these exhaustion requirements. *Sharrief v. Cathel*, 574 F.3d 225, 227 (3d Cir. 2009) (quoting *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005)); 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement."). The Third Circuit has held that a "clear[], explicit[], and unambiguous[]" concession of the exhaustion argument is necessary, whether or not it invokes "any 'magic words.'" *Sharrieff*, 574 F.3d at 229-30. Thus, an acknowledgement by the state that it "appears that [petitioner] has exhausted his state court remedy as to [the relevant] issue" is a valid waiver. *Id.* at 229 (emphasis added). But exhaustion cannot be waived *sub silentio*.

Here, the Commonwealth's brief in response to Nash's petition contains no such express concession. Therefore, the Commonwealth did not waive an exhaustion argument. That said, while the Court can in its discretion address exhaustion *sua sponte*, *see Smith v. Horn*, 120 F.3d 400, 407-08 (3d Cir. 1997); *Jackson v. Virgin Islands*, 272 F. App'x 179, 181 (3d Cir. 2008) (per curiam) (not precedential), it is not necessary here because none of Nash's claims is meritorious.

1

2. Nash's Amended Petition for Writ of Habeas Corpus is **DENIED** and **DISMISSED** with prejudice by separate Judgment, filed contemporaneously with this Order. *See* Federal Rule of Civil Procedure 58(a); Rules Governing Section 2254 Cases in the United States District Courts, Rule 12;

3. A certificate of appealability **SHALL** issue solely on the question of materiality, in that reasonable jurists could debate whether the suppressed evidence was material under *Brady v. Maryland*, 373 U.S. 83 (1963). *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Kyles v. Whitley*, 514 U.S. 419, 441 (1995);[2] and,

4. The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

                         **BY THE COURT:**

                         /s/WENDY BEETLESTONE, J.

                         **WENDY BEETLESTONE, J.**

---

[2] Suppressed evidence is material under *Brady* if its disclosure "would have made a different result reasonably probable." *Kyles*, 514 U.S. at 441; *United States v. Perez*, 280 F.3d 318, 348-49 (3d Cir. 2002). The Third Circuit has held that additional impeachment evidence against an already-impeached witness can still be material. *Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263, 300 (3d Cir. 2016) (en banc). The question under *Brady* is whether such evidence "adds to the record in a distinct and significant way" such that there could be a reasonable probability that it would have affected the outcome of the trial. *Id.*; *see also Lambert v. Beard*, 633 F.3d 126, 134 (3d Cir. 2011), *vacated on other grounds sub nom. Wetzel v. Lambert*, 565 U.S. 520 (2012) (per curiam) ("[I]t is patently unreasonable to presume—without explanation—that whenever a witness is impeached in one manner, any other impeachment becomes immaterial."). On the other hand, "[s]uppressed evidence that . . . would be used to impeach testimony of a witness whose account is strongly corroborated is generally not considered material for *Brady* purposes." *Johnson v. Folino*, 705 F.3d 117, 129 (3d Cir. 2013) (citation omitted).

Here, Nash argues that the suppressed evidence would have allowed him to "open up an entirely new line of cross-examination" of Detective Montgomery showing that he "had a motive to embellish, or mischaracterize what the witnesses told him during their respective interviews in order to ensure that he was not accused of [not] taking an alleged victim's story seriously . . . so as to avoid further scrutiny or potential discipline by the Police Department." While the Court concludes that Detective Montgomery's testimony was sufficiently corroborated such that there is not a reasonable probability that any further impeachment would have changed the outcome of Nash's trial, *see Johnson*, 705 F.3d at 129, it also concludes that "reasonable jurists could debate" that finding, *Slack*, 473 U.S. at 484 (citation omitted). Therefore, a certificate of appealability shall issue.